515 P.2d 1172

**The STATE of Arizona, Appellee,**

v.

**Robert MacDONALD, Appellant.**

**No. 2688.**

Supreme Court of Arizona,
En Banc.

Nov. 19, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Robert B. Norgren, Tucson, for appellant.

HAYS, Chief Justice.

The defendant, Robert MacDonald, appeals from a jury verdict of guilty of the crime of sale of marijuana, and the resulting sentence of not less than five nor more than seven years in prison. He has raised four issues in his brief:

1. Was it error to refuse a new trial when it was shown that two jurors, on voir dire, did not reveal their acquaintance with Officer Corona whom they were told was going to be a witness?

2. Was it error to refuse a new trial when it was shown that the same two jurors conversed with Officer Corona during the trial?

3. Was the sentence excessive?

4. Is the classification of marijuana as a narcotic drug unconstitutional?

### 1 and 2

The major part of the voir dire examination of the jurors was conducted by the trial judge. He warned the entire group of jurors to pay close attention to the general questions put to the initial group so that if challenges were exercised and additional jurors were called, they could advise the court if their answers might disqualify them. The judge then read a list of the prospective witnesses and asked all of the jurors whether any one of them was "connected with," or had "a close personal relationship with any of these witnesses." To those who indicated an affirmative answer, the judge put further questions. One of them was asked: "Do you know Mr. Corona?" Another was asked: "Is there anything that you should communicate to the court as a result of the questions which the court and the attorney . . . have been asking of the jurors?" The judge also inquired whether any of the jurors felt that the mere fact a witness was a deputy sheriff would make them feel they had to believe everything the witness said.

Jurors Mitchell and Brucks did not indicate that if the questions had been put directly to them they would have answered in the affirmative. *The crux of the defense position is that "the questions to individual jurors are questions to all jurors and vice versa."* It was discovered that these jurors knew Officer Corona casually. They did not mix socially, saw each other rarely, and generally had no reason to indicate there was anything between them and the officer that would be material to their ability to judge the case impartially. This is not contradicted. Defendant merely argues that peremptory challenges are very valuable, and concealment of even such an inconsequential fact, deprived him of exercising his peremptory challenges to his best advantage, and deprived him of the opportunity to develop, by more questions, possible grounds for challenges for cause.

At the motion for a new trial, defendant was able to show that juror Brucks recognized Officer Corona as a man with whom he had worked in a mine; that during one of the recesses, Brucks, in the presence of Mitchell, passed Corona in the hall and casually remarked that the latter was now

wearing different clothes than he used to wear when he was working in the mine. Mitchell admitted that many years ago, in Bisbee, Corona's uncle had a restaurant, and Mitchell worked in a store next door. They spoke to each other occasionally when Mitchell delivered an order from the store to the restaurant. At the meeting in the hall, the case they were all attending was not mentioned, and the conversation consumed about one minute.

At the end of the hearing in which the above fact surfaced, the judge announced that he was unable to find anything to indicate that defendant was prejudiced in any way, and ruled:

> "Apparently it's simply a matter of growing up together in a community, knowing people because of that fact, working in a community, working in a shaft underground . . . and the court doesn't see that there is anything in the fact that Mr. Corona happened to deliver, some five years ago, lime to a pump man whose name he wasn't sure of . . . so not being able to see anything that may have caused any prejudice to the defendant in any way whatsoever, motion for a new trial will be denied."

It could perhaps be argued that these two jurors, being acquainted with Officer Corona, might be inclined to give his testimony more credence than if he were a total stranger; that in the jury room they might have influenced the other jurors by telling them they knew Corona and that he could be relied upon to tell the truth. But even if this were so, Corona's testimony did not bear on the crime. Corona was used only for the purpose of showing that the marijuana bought from the defendant by Officer Rodriquez, was received by Corona to be sent to the testing laboratory. The corpus delicti of the crime was proved by Officer Rodriquez, who made the purchase, and the contents of the bag purchased were analyzed by Officer McBride, the chemist for the Arizona Department of Public Safety. Corona, a deputy sheriff,

testified merely that he received the package from Rodriquez, marked it for identification and sent it on to the chemist, in due time received it back from the chemist, did not meddle with the contents, and kept the package in a safe place until the trial. Except for accounting for the chain of possession, Corona's testimony proved no element of the crime and was merely foundational for the offering of the marijuana in evidence. His testimony was not contradicted, and defendant's cross-examination of Corona occupies a single page of the transcript.

It is our opinion that if the jurors' conduct could be characterized as improper, no prejudice resulted, and the trial judge acted within his discretion in so finding.

### 3

We have said many times that this court will not interfere with a sentence on the ground that it was excessive, if it is within the statutory limits. The statutory limits for the sale of marijuana are five years to life. The sentence imposed—five to seven years—is about as close to the minimum as the judge could give. Defendant feels that the sentence was given because the judge was made aware of the fact that defendant was arrested on a federal felony charge while out on bail on this charge. Since the federal charge was later reduced to a misdemeanor (possession of marijuana) to which defendant pleaded guilty, after the sentence in the instant case, defendant presumes that the instant sentence would have been shorter had the judge known of the subsequent events. We consider the sentence exceptionally mild in view of the fact that even while on bail, defendant was again found in possession of the same type of contraband as he was being tried for selling.

### 4

Defendant admits that his fourth point is raised merely in order to preserve his record for future relief in federal court, and that as far as Arizona is concerned,

the issue has been decided against him in State v. Wadsworth, 109 Ariz. 59, 505 P.2d 230 (1973).

For the above reasons the judgment is affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.